IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRISTON RAY CHILDERS,

    Plaintiff,

v.                                                Civ. No. 21-56 RB/GBW

THE CITY OF HOBBS, *et al.*,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT GORDON'S MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY**

THIS MATTER comes before the Court on Defendants' Motion to Stay Discovery Pending Resolution of Defendant Gordon's Motion for Summary Judgment Based on Qualified Immunity. *Doc. 33*. Having reviewed the Motion, noting Plaintiff's concurrence (*doc. 35*), and being fully advised in the premises, the Court GRANTS the Motion.

This case arises from the January 24, 2019, arrest of Plaintiff Triston Ray Childers by Defendants Joshua N. Gordon and Seth M. Ford, who are City of Hobbs police officers. *See generally doc. 1*. On October 26, 2021, Defendant Gordon moved the Court for summary judgment on Plaintiff's claims of unlawful entry and unlawful seizure against him based on qualified immunity. *Doc. 28*. On November 15, 2021, Defendants moved to stay discovery during the pendency of Defendant Gordon's Motion for

Summary Judgment.  *Doc. 33*.  After the Court expedited briefing on this Motion, *see doc. 34*, Plaintiff filed a response in which he stated that he "does not oppose the motion for stay of discovery and reserves the right to seek discovery pursuant to Federal Rule of Civil Procedure 56(d)."  *Doc. 35* at 1.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has emphasized that trial courts should resolve the issue before discovery if possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).  As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery.  *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d

332, 336 (10th Cir. 1992). Staying discovery for the pendency of a dispositive motion based on qualified immunity does not preclude the Court from later authorizing targeted discovery essential to contesting a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). *See, e.g.*, *Padilla v. GEICO Ins. Co.*, Civ. No. 19-696 SMV/GBW, 2019 WL 4889131, at *2 (D.N.M. Oct. 3, 2019) (unpublished).

IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery Pending Resolution of Defendant Gordon's Motion for Summary Judgment Based on Qualified Immunity is GRANTED. The deadline for the termination of discovery of November 29, 2021 (*see doc. 19* at 2), is tolled and discovery in this case—other than any discovery the Court authorizes pursuant to Rule 56(d) at a later date—is STAYED for the pendency of the Court's adjudication of Defendant Gordon's Motion for Summary Judgment Based on Qualified Immunity (*doc. 28*).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE